BOGGS, Chief Judge,
dissenting in part.
I would affirm the district court’s grant of summary judgment for Eastman in its entirety. Therefore, though I agree with the bulk of the majority’s opinion, I dissent from the majority’s decision to remand one of Scott’s failure-to-promote claims.
With respect to the Welding Inspector position, discussed in Part III.A.1 of the majority’s opinion, I agree with the majority that Scott exhausted her administrative remedies and that the district court was wrong to conclude otherwise. I do not think, however, that this conclusion should be the end of our inquiry. An appellate court “may affirm on any grounds supported by the record even if different from the reasons of the district court.” Aber-crombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 629 (6th Cir.2002). Here, applying the McDonnell Douglas burden-shifting framework, Eastman offered a clear non-discriminatory explanation for its decision not to promote Scott and Scott failed to raise a genuine issue of material fact that this explanation was a pretext for sex discrimination
Eastman’s non-discriminatory explanation for not giving Scott the Welding Inspector job is simple: others were more qualified, and the majority opinion does not appear to contradict this. There is uncontroverted evidence that the man awarded the job, Michael Gass, had more experience (thirty years of service to Scott’s twenty-one), had more relevant education (a two-year degree in welding technology rather than a welding inspector’s certificate), and had been performing the Welding Inspector job on a temporary basis for four months. Scott did not present any competent evidence that she was actually more qualified or that Eastman’s personnel decision was motivated by discriminatory animus. On that basis, I would affirm the district court’s grant of summary judgment for Eastman.
The majority opinion now contemplates that perhaps the Welding Inspector job given to Gass was not actually the subject *485 of the charge made by Scott. This argument does not seem to comport with the record. To the extent that Scott’s charge did adequately raise this incident (and all three of us agree, contra to the district court, that it did), the charge was quite specific. At page 6 of the charge that she signed on September 22, 1997 (JA 414), Scott specifically states “In June 1997, a Welding Inspector job was filled with a male employee with less experience, qualifications and service.” Faced with this allegation, Eastman promptly responded, in its motion for summary judgment, with an identification of such a position and the fact that it was filled by Michael Gass. During the EEOC process, Eastman also responded to this allegation in its position statement. Neither before the EEOC nor before the district court did Scott in any way contest specifically that this was the position involved. Only in the briefing to this court (appellant’s brief at 14-15) does she raise specifically the promotion of Es-tepp, which she refers to as “in about 1997” and cites six scatter-shot record references, only two of which even mention Estepp.
In her documents below, one of only two comparable references to Estepp is in response to an interrogatory concerning evidence for her claims of disparate treatment, in which she names at least 72 persons (JA 1195-1200) who were involved in one activity or another that she references, at least five of whom are referred to as receiving positions as Welding Inspector, and in which Estepp is referenced without any date. (JA 1196). The other passing reference to Estepp is in the context of Scott’s response to “undisputed fact No. 131” (JA 1746). After a series of responses concerning Gass and others, there is a statement of “additional material facts” saying Estepp was selected for Welding Inspector “in approximately 1997-98.” I believe this wholly insufficient to put either Eastman or the district judge on notice that Estepp’s promotion, rather than Gass’s, is the event complained of in the charge, as it must have been, in order to meet the exhaustion requirement that the panel has now agreed was met. In order to survive summary judgment, a plaintiff has some obligation to indicate with specificity if she disputes the interpretation that has been placed on an ambiguous complaint by the non-moving party. A complainant cannot simply “lie in the weeds” and contend later that the charge actually had to do with a completely separate promotion.
In any event, however, I would understand the court’s remand to apply only to consideration of this allegation, that it was actually the Estepp promotion that was referenced in the EEOC charge and exhausted thereby. The EEOC determination letter itself makes no specific reference to this allegation, as it found all of the charges other than the team leader promotions to be unfounded or outside the period covered by the charge.